Bouklas Gaylord LLP
400 Jericho Turnpike, Suite 226
Jericho, New York 11753
Telephone: (516) 742-4949

and

NABLI & ASSOCIATES, P.C.
60 East 42nd Street, Suite 1101
New York, New York 10165
Telephone: (212) 808-0716
Facsimile: (212) 808-0719

*Attorneys for Plaintiff*

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

*Attorneys for the Debtor*
*and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

    K&H RESTAURANT, INC.,    Chapter 11

               Debtor.    Case No. 16-13151-MKV

----------------------------------------------------------X

K & H RESTAURANT, INC.,

               Plaintiff,

                              Adv. Pro. No.

    -against-

DIAMONDROCK NY LEX OWNER, LLC,
HIGHGATE HOTELS L.P., MARRIOTT
INTERNATIONAL, INC.,

               Defendants.
----------------------------------------------------------X

1

## COMPLAINT

K&H Restaurant, Inc., the debtor and debtor-in-possession (the "Debtor"), as and for its complaint (the "Complaint") seeking entry of a judgment against Diamondrock NY Lex Owner, LLC ("Diamondrock"), Highgate Hotels L.P. ("Highgate") and Marriott International, Inc. ("Marriott", with Diamondrock and Highgate, the "Defendants") for: (i) breach of contract; (ii) intentional interference with existing and prospective business relations; (iii) unjust enrichment; (iv) and any other causes of action that can be inferred from the facts set forth herein respectfully alleges as follows:

## JURISDICTION

1. The Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157(a) and (b) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the proceeding arises in a case under Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code") pending in this district.

3. Pursuant to Bankruptcy Rule 7008, Plaintiff consents to entry of a final order by the Bankruptcy Court.

## PARTIES

4. Plaintiff is a corporation incorporated under the laws of the State of New York with a principal place of business at 511 Lexington Avenue, New York, NY 10017.

5. Diamondrock is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 160 Greentree Drive, Suite 101, Dover, DE 19904.

6. Highgate is a limited partnership formed under the laws of the State of Delaware with a principal place of business at 545 East John Carpenter Freeway Suite 1400, Irving, TX 75062 and headquartered at 870 Seventh Avenue Second Floor, New York, NY 10019.

7. Marriott is a corporation incorporated under the laws of the State of Maryland with a principal place of business at 10400 Fernwood Drive, Bethesda, MD 20817.

## FACTS

8. Plaintiff owns and operates Raffles Bistro located on the main floor of the Lexington Hotel, located at 511 Lexington Avenue, New York, NY 10017 (the "Hotel").

9. Upon information and belief, at all times relevant to this matter, Marriott owned and operated Autograph Collection Hotels, which exercises control and dominion over Diamondrock.

10. At all times relevant to this matter, Diamondrock is the owner of the Hotel.

11. At all times relevant to this matter, Highgate was the management company for the Hotel, hired by Diamondrock and/or Marriott.

12. Raffles Bistro first opened its doors in that location in 1997 and has remained ever since.

13. Diamondrock's predecessor owner of the Hotel and Plaintiff signed the initial lease for the space in 1997.

14. The First Amendment of Lease, extending the lease was executed on or about June 1, 2012 by Diamondrock's predecessor owner of the Hotel and Plaintiff.

15. A Memorandum of Agreement was executed between Diamondrock, Plaintiff, and New York Hotel and Motel Trades Council AFL-CIO (the "Union") on or about October 24, 2013.

16. A Memorandum of Understanding was executed on or about October 24, 2013 by Diamondrock and Plaintiff.

17. The Second Amendment of Lease was executed on or about November 22, 2013 by Diamondrock and Plaintiff.

18. The lease is currently set to expire on June 30, 2027.

19. Pursuant to the above Memorandum of Understanding and the Second Amendment of Lease, Diamondrock promised to Plaintiff (1) the right to provide room service at the Hotel; (2) the right to provide catering at the Hotel; and (3) the right to provide breakfast for which Diamondrock would provide voucher coupons to its patrons for use at Raffles Bistro.

20. Plaintiff, in reasonable reliance of Diamondrock's promises that they would be permitted to provide room service, catering, and breakfast at the Hotel, did invest $687,720 in improvements to Raffles Bistro.

4

21. Defendants were aware that Plaintiff was making this investment in reliance on the expectation that Plaintiff would be permitted to exercise these rights throughout the life of the lease.

22. Plaintiff, in reasonable reliance of Diamondrock's promises that they would be permitted to provide room service, catering, and breakfast at the Hotel, did enter into the Memorandum of Agreement dated October 24, 2013 between Plaintiff, Diamondrock, and the Union.

23. Prior to this agreement, Plaintiff's employees were not unionized.

24. Defendants were aware that Plaintiff entered into the Memorandum of Agreement in reliance on the expectation that Plaintiff would be permitted to exercise these rights throughout the life of the lease.

25. The Memorandum of Agreement did cause Plaintiff's operating costs to dramatically increase.

26. Plaintiff would not have signed the Memorandum of Agreement dated October 24, 2013, but for the promise of Diamondrock's performance under the Memorandum of Agreement dated October 24, 2013 and the Second Amendment of Lease.

27. Between November 22, 2013, and April 2015, Plaintiff did operate Raffles in an exemplary manner, and was frequently commended by Diamondrock for doing so.

28. Steve Barick, Chief Operating Officer with Highgate, in 2012 said that the service at Raffles Bistro was "excellent" and praised Plaintiff for the quality of the food and the service at Raffles Bistro.

29. In or around March 2016, a member of Diamondrock's management specifically paid compliments to Plaintiff without any mention of decreased quality.

30. At all times relevant to this matter, the services provided by Plaintiff were top-rate and were more than commensurate with Diamondrock's operating standards for the hotel.

31. Diamondrock did not provide Plaintiff with written notice that Diamondrock intended to discontinue Plaintiff's right to provide room service, as required by the lease agreements.

32. In or around April 2015, Diamondrock, without excuse or justification, breached the above agreements by ceasing to allow Plaintiff to exercise their rights to provide room service, breakfast, and catering services to hotel guests.

33. Upon information and belief, Diamondrock engaged in the aforesaid breach at the direction of Marriott.

34. Since the time of early 2015, agents, employees, and/or assigns of Marriott and Diamondrock colluded with Highgate to design to force Plaintiff out of the Hotel in an effort to replace Plaintiff with a tenant that would payer higher rents, enriching Diamondrock and Highgate at Plaintiff's expense.

35. Highgate, its employees, agents, and assigns, were aware of the lease agreements and amendments between Plaintiff and Diamondrock.

36. Nonetheless, Highgate, its employees, agents, and assigns, induced Diamondrock to breach the Lease Agreement, which Diamondrock did, in fact, breach.

37. On November 13, 2016, Plaintiff commenced a bankruptcy case by filing a voluntary petition or relief under Chapter 11 of the Bankruptcy Code.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

38. Plaintiff alleges and re-alleges all of the preceding paragraphs contained herein.

39. The agreements to provide room service was a valid, enforceable contract.

40. Plaintiff performed pursuant to the contract.

41. Diamondrock, by ceasing to allow Plaintiff to provide room service to hotel guests, breached the contract.

42. As a result of this breach, Plaintiff has suffered damages including, but not limited to, substantial lost revenue, spending $687,000 in improvements on Raffles Bistro, and incurring substantially higher operating costs by entering in to the Memorandum of Agreement with the Union.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

43. Plaintiff alleges and re-alleges all of the preceding paragraphs contained herein.

44. The agreements to provide catering was a valid, enforceable contract.

45. Plaintiff performed pursuant to the contract.

46. Diamondrock, by ceasing to allow Plaintiff to provide catering to hotel guests, breached the contract.

47. As a result of this breach, Plaintiff has suffered damages, including, but not limited to, substantial lost revenue, spending $687,000 in improvements on Raffles Bistro, and incurring substantially higher operating costs by entering in to the Memorandum of Agreement with the Union.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

48. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

49. The agreements to provide breakfast in exchange for vouchers was a valid, enforceable contract.

50. Plaintiff performed pursuant to the contract.

51. Diamondrock, by ceasing to allow Plaintiff to provide breakfast to hotel guests, breached the contract.

52. As a result of this breach, Plaintiff has suffered damages, including, but not limited to, substantial lost revenue, spending $687,000 in improvements on Raffles Bistro, and incurring substantially higher operating costs by entering in to the Memorandum of Agreement with the Union.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Intentional Interference with Contractual Relationship)

53. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

54. Defendant Highgate, its employees, agents, and assigns, had knowledge of the contracts between Plaintiffs and Diamondrock.

55. Defendant Marriott, its employees, agents, and assigns, had knowledge of the contracts between Plaintiffs and Diamondrock.

56. Defendant Highgate, its employees, agents, and assigns, without reasonable justification or excuse, induced Diamondrock to breach the contract.

57. Defendant Marriott, its employees, agents, and assigns, without reasonable justification or excuse induced Diamondrock to breach the contract.

58. As a result, Plaintiff has suffered damages, including, but not limited to, substantial lost revenue, spending $687,000 in improvements on Raffles Bistro, and incurring substantially higher operating costs by entering in to the Memorandum of Agreement with the Union.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Intentional Interference with Prospective Economic Advantage)

59. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

60. Plaintiff had a business relationship with Diamondrock.

61. Defendant Highgate, its employees, agents, and/or assigns interfered with that business relationship.

62. Defendant Marriott, its employees, agents, and/or assigns interfered with that business relationship.

63. Defendant Highgate, its employees, agents, and/or assigns interfered with the purpose of harming Plaintiff.

64. Defendant Marriott, its employees, agents, and/or assigns interfered with the purpose of harming Plaintiff.

65. Defendant Highgate, its employees, agents, and/or assigns used dishonest, unfair and improper means to interfere with the relationship.

66. Defendant Marriott, its employees, agents, and/or assigns used dishonest, unfair and improper means to interfere with the relationship.

67. As a result, Plaintiff's business relationship with Diamondrock has been harmed, and Plaintiff has suffered damages, including, but not limited to, substantial lost revenue, spending $687,000 in improvements on Raffles Bistro, and incurring substantially higher operating costs by entering in to the Memorandum of Agreement with the Union.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Promissory Estoppel)

68. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

69. Defendants made clear and unambiguous promises to Plaintiff that Plaintiff would be permitted to offer catering, room service, and breakfast to Hotel guests throughout the term of the lease.

70. Plaintiff reasonably relied on the promises including, but not limited to, spending $687,000 in improvements on Raffles Bistro and incurring substantially higher operating costs by entering in to the Memorandum of Agreement with the Union.

71. Plaintiff's reliance was foreseeable to Defendants.

72. As a result of their reliance on Defendant's promises, Plaintiff has been sustained.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unjust Enrichment)

73. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

74. Defendants were enriched at Plaintiff's expense as Plaintiff spent significant sums of money to improve Raffles Bistro, located within the Hotel.

75. Defendants were further enriched at Plaintiff's expense as Plaintiff spent significant sums of money to exclusively employ union workers at Raffles Bistro, thereby permitting Defendants to work out more favorable agreements with the Union.

76. Defendants were further enriched at Plaintiff's expense by collecting rents and other payments from Plaintiff and from increased bookings and sales by virtue of Plaintiff's maintaining operation of a first-class establishment inside the Hotel.

77. Defendants are further enriched by the cancellation of the long-term lease that is valued at below current market levels, believed to be worth in excess of $10,000,000.

78. It is against equity and good conscience to permit Defendants to retain the value of these benefits.

## AS AND FOR A EIGHTH CAUSE OF ACTION
### (Specific Performance)

79. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

80. Plaintiff substantially performed its contractual obligations.

81. Plaintiff is willing and able to perform any remaining obligations.

82. It is within the Defendant's power to perform their remaining obligations, specifically, permitting Plaintiff to provide room service, catering, and breakfast to Hotel guests.

83. There is no adequate remedy at law.

### AS AND FOR A NINTH CAUSE OF ACTION
(Prima Facie Tort)

84. Plaintiff alleges and re-alleges all of the proceeding paragraphs contained herein.

85. The above-complained of acts by Defendants were solely motivated by malice.

86. The acts were done without excuse or justification.

87. The acts would otherwise be lawful.

As a result of the acts, Plaintiff has suffered a specific, measurable loss.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A jury trial on these issues to determine liability and damages;

b. Damages in an amount to be determined at trial, but believed to be no less than $10,000,000.

c. All damages which Plaintiff has sustained as a result of Defendants' conduct, including statutory, general and special damages;

d. Exemplary, punitive, and statutory damages in an amount commensurate with Defendants' ability and so as to deter future

malicious, reckless, and/or intentional acts where appropriate and permitted by law;

e. Awarding Plaintiff its costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Granting such other and further relief as this Court deems necessary and proper.

[CONTINUED ON FOLLOWING PAGE]

## RESERVATION OF RIGHTS

88.  Plaintiff expressly reserves the right to amend and/or supplement this Complaint as necessary and appropriate.

Dated: Jericho, New York
February 10, 2017

                                      *s/ Mark Gaylord*
                                      Mark Gaylord, Esq.
                                      Bouklas Gaylord LLP
                                      400 Jericho Turnpike, Suite 226
                                      Jericho, NY 11753
                                      Telephone: (516) 742-4949    and

                                      Jim El Nabli, J.D., LL.M
                                      NABLI & ASSOCIATES, P.C.
                                      60 East 42nd Street
                                      Suite 1101
                                      New York, New York 10165
                                      Telephone: (212) 808-0716
                                      Facsimile: (212) 808-0719
                                      *Attorneys for Plaintiff*