UNITED STATES BANKRUPTCY COURT          **PRESENTMENT DATE:  March 10, 2017**
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                    :
In re                                               :   Case No.   16-13151 (MKV)
                                                    :
K&H RESTAURANT, INC.,                               :   (Chapter 11)
                                                    :
                              Debtor.               :
                                                    :
-----------------------------------------------------------x

## OBJECTION OF THE UNITED STATES TRUSTEE TO APPLICATIONS SEEKING TO RETAIN GOTTESMAN LAW PLLC AS ATTORNEYS FOR THE DEBTOR AND DAVIS & GILBERT LLP AS SPECIAL COUNSEL FOR THE DEBTOR

TO THE HONORABLE: MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), hereby submits this objection to the Debtor's Applications to Retain Gottesman Law

PLLC As Attorneys For The Debtor (ECF Doc. No. 25) And Davis & Gilbert LLP As Special

Counsel For The Debtor (ECF Doc. No. 26)  (the "Applications").   In support thereof, the

United States Trustee respectfully states:

## I.  PRELIMINARY STATEMENT

The proposed retentions of Gottesman Law PLLC as attorneys for the Debtor and

Davis & Gilbert LLP as special counsel for the Debtor disclose that the Debtor has paid to

these professionals postpetition retainers of $3,750.00 and $2,875.00, respectively.  Given

the Debtor's unauthorized postpetition payment of prepetition claims, its delinquent and

deficient operating reports that disclose unpaid postpetition, and its underpayment of its

United States Trustee fees, the Debtor fails to overcome the general rule against the payment

of postpetition retainers.  Accordingly, the United States Trustee respectfully submits that

the postpetition retainers paid to the proposed professionals should not be approved.

## II.    **BACKGROUND**

### A.    **General Information**

1.      K&H Restaurant, Inc. ("K&H" or "Debtor") filed a voluntary petition for relief

(the "Petition") under Chapter 11 of the United States Bankruptcy Code on November 13, 2016.

ECF Doc. No. 1.

2.      K&H operates a restaurant know as Raffles Bistro located on the main floor of the

Lexington Hotel located at 511 Lexington Avenue, New York, NY 10017.

3.      The Debtor maintains that a major cause of the bankruptcy case was the

landlord's breach of the lease agreement leading to a substantial loss of revenue for the Debtor.

ECF Doc. No. 21.

4.      On February 1, 2017, the Court entered an order authorizing the retention of the

Law Office of Gabriel Del Virgina ("Del Virginia") as Attorneys for the Debtor.  ECF Doc. No.

19.

5.      The application seeking the retention of Del Virginia disclosed that the Debtor

paid a retainer to Del Virginia of $5,500.00, out of which the filing fee of $1,717 was paid.  ECF

Doc. No. 16.

6.      On February 28, 2017, Del Virginia and Gottesman Law, PLLC ("Gottesman")

filed a Stipulation providing for the substitution of Gottesman as attorneys for the Debtor.  ECF

Doc. No. 27.

1

7.      On February 28, 2017, Notices of Presentment seeking the retention of Gottesman as counsel for the Debtor and Davis & Gilbert LLP ("D&G") as special counsel to the Debtor were filed on the docket.  ECF Doc. Nos. 25 and 26, respectively.

8.      The employment applications for Gottesman and D&G provides for post-petition retainers of $3,750.00 and $2,875.00, respectively.  Id.  These postpetition retainers have each been paid and the monies are being held by each applicant.

9.      As of March 6, 2017, the Debtor has not filed its monthly operating reports for the partial month of November 2016 and for the month of January 2017.

10.     The Debtor filed a monthly operating report for the month December 2016 (the "December Report") that was deficient in that it lacked relevant information, including, but not limited to, a Schedule of Cash Receipts and Disbursements, and Operating Statement, and a Balance Sheet.  ECF Doc. No. 18.

11.     The December Report disclosed that prepetition taxes were paid and that wage payments were past due (without specifying the amounts).  Id.

12.     The estimated liability of the Debtor for United States Trustee quarterly fees for the fourth quarter of 2016 (estimated because the Debtor's November 2016 disbursements have not been disclosed) is $4,875.  On January 24, 2017, the Debtor paid $325.00, leaving a balance outstanding and overdue in the amount of $4,550.00.

13.     For the reasons set forth below, the United States Trustee objects to the postpetition retainers paid to Gottesman and D&G.

### III.    **OBJECTION**

14.     As a general rule, courts do not approve the payment of post-petition retainers.

2

<u>See</u>, <u>e</u>.<u>g</u>., <u>In re Sun Speck Indus., Inc.</u>, 3 B.R. 703 (Bankr. S.D.N.Y. 1980); <u>In re Cal Inland, Inc.</u>, 124 B.R. 551 (Bankr. D. Minn. 1991). Sections 330 and 331 of the Bankruptcy Code require court approval of professional fees prior to payment. While 11 U.S.C. § 328(a) authorizes the employment of professionals "on any reasonable terms and conditions . . . including a retainer," the burden is on the applicant to establish that the payment of a post-petition retainer is warranted. <u>Cal Inland</u>, 124 B.R. at 553, <u>In re Jefferson Business Center Associates</u>, 135 B.R. 676, 679 (D. Colo. 1992). This showing is required because the efforts of professionals on behalf of an estate are already protected by the priority scheme of sections 503, 507, 1129 and 726 of the Bankruptcy Code, which provide administrative expense priority for professional fees. 11 U.S.C. §§ 503(b)(2) and 507(a)(2).

15.    In determining whether a post-petition retainer may be warranted, courts often look to, among other things, the following criteria:

(1) whether the case is an unusually large one in which an exceptionally large amount of fees accrue each month;

(2) will waiting an extended period for payment place an undue hardship on counsel;

(3) the retainer's impact on the debtor's ongoing business operation;

(4) the retainer's economic impact on the ability of the debtor to reorganize;

(5) the amount and reasonableness of the retainer;

(6) the reputation of debtor's counsel; and

(7) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the court determine that the fees paid to counsel are not justified.

<u>Jefferson Business Center</u>, <u>supra</u> at 680. Analysis of these criteria demonstrates that post-petition retainers are not warranted under these circumstances.

16.     In regard to the first criteria, this is not an unusually large case in which an exceptionally large amount of fees will accrue each month.

17.     With respect to the second criteria, there has been no showing to indicate that any professional will suffer any undue hardship by waiting to file an interim fee application.

18.     With respect to the third and fourth criteria, the existing financial information (or lack thereof) raises concerns that the post-petition retainers sought will have a detrimental impact on both K&H's operations and its ability to reorganize.  The delinquent and deficient operating reports raise concerns that the Debtor may be administratively insolvent.  The December Report disclosed that there were unpaid wages and further disclosed that prepetition taxes were paid postpetition without Court approval.  The Debtor has also underpaid its estimated United States Trustee quarter fee liability for the fourth quarter of 2016, leaving an outstanding and overdue balance of $4,550.00.

19.     Regarding the fifth criteria of the reasonableness of the retainers, while the retainers of $3,750.00 and $2,875.00 viewed in isolation may not appear large, given the evidence of the Debtor's unauthorized payment of prepetition claims and possibility of Debtor's administrative insolvency, it is difficult characterized the retainers as reasonable.

20.     With respect to the sixth and seventh criteria, while there is no known negative information regarding the reputation of Gottesman or D&G, there is no evidence in the record regarding those firms' ability to disgorge the retainers at the conclusion of the case should the Court determine that the fees are not justified.

21.     Under these circumstances, the United States Trustee objects to the postpetition retainers to Gottesman and D&G.

4

22.     WHEREFORE, the United States Trustee respectfully requests that the request for

approval of the postpetition retainers be denied and for such other and further relief as the Court

deems appropriate.

Dated:  New York, New York
        March 6, 2017

                                        Respectfully Submitted,

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                        By:     /s/ Brian S. Masumoto
                                Brian S. Masumoto
                                Trial Attorney
                                201 Varick Street, Room 1006
                                New York, New York 10014
                                Tel. No. (212) 510-0500

5