UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                              Chapter 11

K&H RESTAURANT, INC.,                                              Case No: 16-13151 (MKV)

                                        Debtor.
------------------------------------------------------------X

### ORDER AUTHORIZING THE RETENTION OF GOTTESMAN LAW, PLLC AS ATTORNEY FOR THE DEBTOR AND DEBTOR-IN- POSSESSION NUNC-PRO TUNC FROM FEBRUARY 24, 2017

Upon the application (the "Application") of K&H Restaurant, Inc., the above captioned debtor and debtor-in-possession (the "Debtor" or "Applicant"), seeking entry of an order pursuant to 11 U.S.C. § 327(a), authorizing the retention of Gottesman Law, PLLC ("Gottesman Law"), as attorneys to the Debtor [ECF No. 25], and upon the submissions annexed thereto in support thereof, including the declaration of Andrew R. Gottesman, wherein it appears that Gottesman Law does not hold or represent any interest adverse to the Debtor or the estate and said attorney is a "disinterested person" within the meanings of 11 U.S.C. §§ 101(14) and 327; and it appearing that such retention is in the best interests of the Debtor's estate; and it appearing that notice of the Application was provided to the (i) United States Trustee, (ii) the Debtor's 20 largest creditors and (iii) all parties filing a notice of appearance in this case; and such notice being sufficient under the circumstances; and all objections to the Application having been withdrawn after confirmation that the retainer listed in the Application was returned to the Debtor [ECF No. 39]; and sufficient cause appearing for the relief requested; it is hereby:

1

ORDERED, that pursuant to 11 U.S.C. § 327(a), the Debtor be, and hereby is, authorized, to retain Gottesman Law, PLLC, nunc pro tunc to February 24, 2017, upon the terms and for the purposes set forth in the Application; and it is further

ORDERED, that the compensation and reimbursement of expenses of Gottesman Law shall be sought upon, and paid only upon an order granting, a proper application pursuant to sections 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

ORDERED, that at least ten days before implementing any increase in the rates of Gottesman Law's professionals providing services in this case, Gottesman Law shall file and serve on the United States Trustee, and any official committee, a supplemental affidavit providing justification for any such rate increases and stating whether the Debtor has agreed to them.  All parties in interest retain the right to object to any rate increase on any grounds; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED, that if there is any inconsistency between the terms of this Order, the Application, and the supporting declarations, the terms of this Order shall govern.

Dated:  New York, New York
        March 17, 2017

                                             *s/ Mary Kay Vyskocil*
                                             Honorable Mary Kay Vyskocil
                                             United States Bankruptcy Judge