Endorsed Order:

Request for a third hearing on the motion to assume lease is denied.  Order on motion to assume the lease to follow.

Dated: New York, New York
July 5, 2017

*/s/ Mary Kay Vyskocil*
Honorable Mary Kay Vyskocil
United States Bankruptcy Judge

# GOTTESMAN LAW, PLLC

85 Broad Street, 29th Floor
New York, NY 10004
andrew@gottesmanlawpllc.com
(646) 880-4456 phone
(646) 844-2741 fax

**VIA OVERNIGHT MAIL**

July 3, 2017

Hon. Mary Kay Vyskocil
United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    K&H Restaurant Inc., Debtor
                Chapter 11 Case No.: 16-13151 (mkv)

Dear Judge Vyskocil,

I write to correct the record of the June 28th hearing on Debtor's Motion to Assume its Unexpired lease of Non-Residential Real Property (the "Motion") and respectfully request a conference, prior to the entry of any order on the Motion, to consider a new hearing on the Motion, to clarify the basis of your honor's ruling at the June 28th hearing on the Motion (the "Hearing") and avoid manifest injustice.

Prior to entering an order with such draconian consequences as deeming the lease rejected under §365(d)(4), the Court should hear the merits of the Motion. There is no other way to avoid the manifest injustice of effectively ending the Debtor's business based solely on either (i) what the Court may feel is an incomplete record, despite the Debtor's contention that there existed a sufficient record to hold a hearing on the merits, or (ii) Landlord's counsel's chicanery.

The Debtor respectfully submits that your honor's ruling at the Hearing was unclear. Debtor's counsel could not discern whether your honor ruled that the §365(d)(4) deadline expired because there was no consent from the Landlord to an extension through June 28th, or if you ruled that the Landlord had not originally consented to any extension prior to the hearing on the Motion held on June 14th.

To the extent it is the former, we wish to correct the record. Annexed as **Exhibit A** is the Landlord's written consent to extend the deadline through June 28th subject to a reservation of rights, to which the Landlord's counsel admitted sending on the record of the

Hearing. Thus, there is a factual record extending the §365(d)(4) deadline on consent. The Landlord initially consented to the June 12th deadline through an email that was annexed to the Landlord's supplemental objection dated June 13 and has only reserved its right to argue that they did not initially consent to the extension since. Following your honor's advice, the parties met and conferred and agreed to extend the deadline through and including June 19th. The parties filed a stipulation extending the deadline through and including June 19th, subject to a reservation of rights, to have further negotiations, at the Landlord's suggestion. [ECF No. 104] Following those unsuccessful negotiations, the parties agreed to further extend the deadline, subject to the reservation of rights set forth in Exhibit A, after which I filed a notice adjourning the initial hearing to June 28th. [ECF No. 107] Landlord's counsel admitted to this reserved consent on the record at the Hearing.

Furthermore, to enter an order denying the Motion based on the §365(d)(4) deadline having lapsed would reward the egregious behavior and practices on the part of the Landlord's counsel that you yourself referred to as "sharp." Indeed, you pointed out on June 14th that there would have been no logical reason to agree to adjourn the June 1 hearing to June 14 (the first available date the Court could hear the Motion) if the deadline to assume the lease was not also extended. While you gave Landlord's counsel the benefit of the doubt, you recognized that Landlord's counsel was unclear, at best, and guilty of a game of "gotcha," at worst. Had I believed for one moment there was no agreement on a §365(d)(4) extension, or had the Landlord expressed ANY opposition to such an extension, the Debtor would have proceeded on June 1st so the motion could be heard on its merits.

Simply put, without a determination on the merits of the Motion, an order deeming the Lease rejected would reward the Landlord's counsel's gamesmanship by handing the premises to the Landlord and ending all hope the Debtor had of reorganizing or recovering the over $800,000 its principals personally invested in the restaurant.

For these reasons, we respectfully request that the Court set a conference to discuss a further hearing and/or ruling on the merits of the Motion, prior to the entry of any order on the Motion.

    Sincerely,

    /s/ Andrew R. Gottesman
    Andrew R. Gottesman
    Counsel to the Debtor

Cc: Eric J. Snyder; Brian A. Masumoto