UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

K&H RESTAURANT, INC.,

Chapter 11
Case No. 16-13151 (MKV)

Debtor.
-------------------------------------------------------------x

## ORDER DENYING MOTION TO ASSUME LEASE
## OF NON-RESIDENTIAL REAL PROPERTY

**WHEREAS**, on November 13, 2017 (the "Petition Date") K&H Restaurant, Inc. (the "Debtor") filed a voluntary chapter 11 petition;

**WHEREAS**, on May 17, 2017 the Debtor filed a Motion to Assume the Debtor's Lease of Non-Residential Real Property (the "Motion") [ECF No. 90];

**WHEREAS**, on May 25, 2017, Diamondrock NY Lex Owner, LLC (the "Landlord," together with the Debtor, the "Parties") filed an Objection to the Motion [ECF No. 97];

**WHEREAS**, on May 30, 2017, the Debtor filed a Notice of Adjourned Hearing, providing notice that the hearing on the Motion was adjourned from June 1, 2017 at 11:00 a.m. to June 14, 2017 at 10:00 a.m., with the consent of the Landlord [ECF No. 99];

**WHEREAS**, on June 13, 2017, the Landlord filed a Supplemental Objection to the Motion arguing, among other things, that the lease at issue was rejected by operation of law pursuant to section 365(d)(4) because June 12, 2017 was 210 days from the Petition Date [ECF No. 102]. The Landlord argued that while it consented to adjourning the hearing to June 14, 2017, it reserved all other rights and did not consent to a waiver of any other deadlines;

**WHEREAS**, on June 14, 2017 the Court held a hearing on the Motion (the "First Hearing"), at which the Landlord Confirmed that while it had consented to the Debtor's request

to adjourn the hearing it did NOT consent to an extension of time to assume the lease beyond the 210 day statutory maximum;

**WHEREAS**, after the First Hearing, the Court took the Motion under advisement and conferred with the Parties, encouraging them to discuss a consensual global resolution of the issues between them;

**WHEREAS**, the Parties met on two separate occasions;

**WHEREAS**, on June 15, 2017, at the conclusion of the first meeting, the Parties entered into a Stipulation to Adjourn Hearing on the Debtor's Motion to Assume Its Lease of Non-Residential Real Property (the "Stipulation") [ECF No. 104], pursuant to which, the Parties stipulated and agreed that the Landlord consented to an extension of the section 365(d)(4) deadline through and including June 19, 2017, but expressly reserved rights including specifically all arguments that had been raised in pleadings on the Motion and the Objection;

**WHEREAS**, the Parties met on June 19, 2017 for a second time and at the conclusion of the meeting reported to the Court that no resolution had been reached;

**WHEREAS**, on June 28, 2017 the Court held a second hearing (the "Second Hearing") on the Motion at which the parties informed the Court that they had again agreed in writing (an email attached to the Letter to Chambers Requesting Conference filed by counsel for the Debtor [ECF No. 110] to an extension of time for the hearing on the Motion, but specifically reserved all rights with respect to the arguments previously made in the Objection, the Supplemental Objection, and on the record of the First Hearing;

 IT IS THEREFORE **ORDERED** that:

1. The Motion is denied pursuant to section 365(d)(4).

2. The Court specifically finds that any ambiguity regarding whether the Landlord had consented to an extension of the 210 day deadline in section 365(d)(4) was resolved

by the Stipulation and subsequent email agreements in which the parties agreed that all arguments, including the Landlord's reliance on section 365(d)(4), were reserved.

Dated: New York, New York
July 27, 2017

_s/ Mary Kay Vyskocil_
Honorable Mary Kay Vyskocil
United States Bankruptcy Judge